# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DARRYELL L. WRIGHT, )
)
    Plaintiff, )
)
v. )   Case No. CIV-13-1373-F
)
CAROLYN W. COLVIN, )
Commissioner, Social Security )
Administration, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Defendant (Commissioner) issued a final decision denying Plaintiff's application for supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs,[1] and recommends that the court reverse and remand the Commissioner's decision.

---

[1] For the parties' briefs, the undersigned's citation refers to the court's CM/ECF pagination.

## I. Administrative proceedings.

Plaintiff filed his application for supplemental security income in February 2011. AR 131-36.[2] The Social Security Administration (SSA) denied Plaintiff's claim, and at his request, an ALJ conducted a hearing. *Id.* at 27-51. In his October 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 22. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe

---

[2] Plaintiff also submitted an application for disability insurance benefits. AR 127-31. The record is not clear regarding that application's outcome, but the Administrative Law Judge (ALJ) only ruled on Plaintiff's application for supplemental security income, *id.* at 12, and Plaintiff and the Commissioner both assert that Plaintiff challenges a decision denying him supplemental security income. Doc 12, at 1; Doc. 13, at 1.

impairments. *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity (RFC)[3] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. § 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. Plaintiff's claims.

State agency physician Dr. Samuel Pallin opined that Plaintiff has numerous limitations due to his poor vision. AR 296-304. Plaintiff claims that the ALJ adopted all of Dr. Pallin's limitations but one: Plaintiff's limited ability to manipulate small objects. Doc. 12, at 3-9. Plaintiff claims that the ALJ gave no rationale for implicitly rejecting that limitation, and argues that the error is not harmless because the vocational expert (VE) testified that a claimant unable to manipulate small objects cannot perform the jobs the ALJ relied upon in finding Plaintiff capable of working in the national economy.

---

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

3

*Id.* at 9-10. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claim. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade*, 985 F.2d at 1047 (citation omitted).

### B. The ALJ's findings.

As relevant to this analysis, the ALJ found that Plaintiff has severe "bilateral immature cataracts," and has the RFC to perform a less than full range of light work: he can "follow oral instructions only (no fine print or written instructions); . . . [and] must avoid exposure to hazards, machinery, and heights; no driving motor vehicles or operating dangerous machinery[.]" AR 15-17 (parenthetical in original). The ALJ opined that Plaintiff cannot

4

return to his past relevant work, but can perform work as an "assembler" and "plastic worker." *Id.* at 20-21.

### C. The ALJ's implicit rejection of Dr. Pallin's opinion that Plaintiff is limited in his ability to manipulate small objects.

As it relates to Plaintiff's vision, the record contains no medical evidence from a treating physician. So, the ALJ had only the consultative examiner's opinion and two State agency physicians' opinions to consider.

The ALJ detailed the consultative examiner's findings. *Id.* at 19. In particular, the ALJ noted that Dr. Vidya Rege had diagnosed Plaintiff with "bilateral immature cataract[s]" and "blurred vision" in both eyes. *Id.*; *see also id.* at 237. Dr. Rege found that Plaintiff's corrected right-eye vision is 20/70 with a distance of twenty feet, and 20/100 with a nearness of fourteen inches. *Id.* In his left eye, Plaintiff has a corrected vision of 20/80 with a distance of twenty feet, and 20/100 with a nearness of fourteen inches. *Id.*

The ALJ did *not* discuss either State agency physicians' opinion, but stated that both were given "considerable weight." *Id.* at 20. In the first of those opinions, Dr. Donald Baldwin acknowledged Dr. Rege's findings, but, without explanation, listed no limitations on Plaintiff's visual or manipulative abilities. *Id.* at 249-56. Thereafter, Dr. Pallin examined the same evidence and concluded that:

> No environmental or visual limitations were included in the light RFC dated 7/07/11. After reviewing the evidence it appears that the limitations enumerated in that document were reasonable, but [Plaintiff] also has visual and environmental limitations.

*Id.* at 304. For visual limitations, Dr. Pallin opined that Plaintiff "will be limited in manipulation of small objects and is unable to read fine print, i.e. instruction documents. [Vision] is best corrected to 20/70 and 20/80." *Id.* at 300. For environmental limitations, the physician stated that Plaintiff "[s]hould not drive, operate dangerous machinery, or work at heights because of poor vision." *Id.* at 301.

The ALJ incorporated all Dr. Pallin's findings into Plaintiff's RFC except for one: Plaintiff's limited ability to manipulate small objects. *Id.* at 16-17. The ALJ gave no explanation for implicitly rejecting this limitation, and the undersigned finds that it constitutes reversible error.

Even though Dr. Pallin was not Plaintiff's treating physician, the ALJ "was still required to consider his opinion, . . . and to provide specific, legitimate reasons for rejecting it[.]" *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). This is particularly important where, as here, the ALJ implicitly adopted the rest of Dr. Pallin's opinions regarding Plaintiff's visual limitations. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing on grounds that "the ALJ should have explained why he rejected four of the . . . restrictions on [the consultative physician's] RFC assessment

6

while appearing to adopt others"); *see also Grabowski-Bridges v. Colvin*, No. CIV-13-178-SPS, 2014 WL 4799068, at *5-*6 (E.D. Okla. Sept. 26, 2014) (unpublished district court order) (reversing the Commissioner's disability denial in part because the ALJ "adopted [the state agency physician's opinion] at step three, but gave no explanation for apparently rejecting the findings . . . at step four"). It is well established that the ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability[.]" *Haga*, 482 F.3d at 1208.[4]

The court may find an error harmless if it can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The undersigned finds that the ALJ's error is not harmless under this standard.

---

[4] The Commissioner tries to salvage the ALJ's decision on grounds that the two State agency physician's opinions conflicted, and the ALJ was entitled to resolve the conflicts in the record. Doc. 13, at 5-6. But the ALJ did not give that as a reason for failing to adopt one – and only one – of Dr. Pallin's findings, and he certainly pointed to no other evidence that conflicts with Dr. Pallin's opinion. "So it is simply unexplained why the ALJ adopted some of [Dr. Pallin's] restrictions but not others." *Haga*, 482 F.3d at 1208 (rejecting a similar argument and noting that while the ALJ "is *entitled* to resolve any conflicts in the record," he must actually do so and explain himself) (emphasis added). Moreover, the evidence that Plaintiff's *corrected* eyesight at a distance of fourteen inches is 20/100 in both eyes seems to support Dr. Pallin's opinion that Plaintiff is limited in his ability to manipulate small objects. AR 237.

The ALJ relied on the VE's testimony that a claimant with Plaintiff's assessed RFC can perform work as an assembler and plastic worker. AR 21. However, Plaintiff's attorney specifically asked the VE whether a claimant with the same RFC, but unable to manipulate small objects, could perform those two jobs, and the VE answered in the negative. *Id.* at 49-50.[5] So, the undersigned cannot confidently find harmless the ALJ's failure to incorporate, or explain his failure to incorporate, Dr. Pallin's opinion that Plaintiff is limited in his ability to manipulate small objects. *See, e.g., Cagle v. Astrue*, 266 F. App'x 788, 793 (10th Cir. 2008) ("If [the physician's] opinion as to [plaintiff's] limitations is to be credited, then the hypothetical the ALJ gave to the VE did not relate all of [claimant's] impairments with precision, as required, and the Commissioner cannot rely on the jobs the VE identified . . . to fulfill his step-five burden.").

---

[5] The Commissioner suggests that the attorney's question was "too muddled" to rely upon because he incorporated a limitation on depth perception where Plaintiff has no such limitation. Doc. 13, at 8. The undersigned disagrees. The attorney asked: "Looking at the judge's first hypothetical, but add to that that the individual were limited in the ability to manipulate small objects and could not read fine print or have problems with depth perception or is it not help without depth perception, but just be limited in [his] ability to manipulate small objects and limited in [his] ability to read fine print type of work out there. What impact would that have on the assembly jobs and [plastic] work?" AR 49-50. The undersigned finds that Plaintiff's attorney sufficiently clarified that he was asking about the effect of an inability to manipulate small objects and read fine print.

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by November 27, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 7th day of November, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE